IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 0 2011

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| DAUNN PHILLIPS, § § § Plaintiff, § § v. § § NORTHPORT HEALTH SERVICES § OF ARKANSAS, L.L.C. § § Defendant. § | Case No.: 2:11-cv-2063-PKH |

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with federal law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to Daunn Phillips. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members

4

of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than the agent or employee of the attorney or party. This Order prohibits parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Arkansas insurance laws and the Arkansas State Bar rules and regulations.

IT IS SO ORDERED this the __20th__ day of July, 2011.

_/s/ Paul K. Holmes_
Paul K. Holmes, III
United States District Judge